Filed 5/16/16  Cubias v. Carl Karcher Enterprises CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOSE CUBIAS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CARL KARCHER ENTERPRISES, INC., et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B262959<br>(Super. Ct. No. CORD 4537)<br>(Santa Barbara County) |

Jose Cubias, individually, and on behalf of other salaried general managers employed by Carl Karcher Enterprises, Inc. and CKE Restaurants, Inc. (collectively CKE), appeals an order denying class certification of one proposed subclass and an order decertifying another subclass.  We dismiss the appeal.

BACKGROUND

CKE operates Carl's and Carl's Jr. restaurants.  This is a judicial coordination proceeding.  In a consolidated class action complaint, Cubias, Ramona Macias, and Belinda Pinto[1] assert wage and hour claims against CKE.

Cubias alleges that between 2005 and 2009, CKE's general managers were misclassified as exempt from overtime pay (the misclassification claims).  (Lab. Code, §§ 510, 515.)  Cubias also alleges CKE encouraged general managers to work on

---

[1] Three plaintiffs brought the complaint, but only Cubias appeals.

vacation days to gain a $100 increase in their labor budgets and to deduct vacation pay for scheduled vacation days on which they actually worked (the vacation pay claims). Cubias sought class certification. He also sought civil penalties under the Private Attorneys General Act (PAGA) (Lab. Code, § 2699 et seq.) on behalf of himself and other salaried general managers.

The trial court denied certification of the misclassification claims, finding that misclassification could not be determined based on common factual or legal issues. The court initially granted class certification of the vacation pay claims, but decertified that class one year later when it became unmanageable. Cubias's PAGA claims survive the adverse certification orders.

## DISCUSSION

### *"Death Knell" Doctrine Inapplicable*

The certification orders are nonappealable interlocutory orders because they do not terminate Cubias's representative PAGA claims. Generally, an appeal may be taken only from final judgment in the entire action. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756 (*Baycol*).) The death knell doctrine is an exception. (*Id*. at p. 757.) It allows immediate appeal of an order that entirely terminates class claims while allowing individual claims to proceed. (*Id.* at pp. 757, 759.) Because such an order "effectively [rings] the death knell for the class claims," it is "in essence a final judgment on those claims." (*Id.* at p. 757.)

The death knell doctrine is a tightly defined and narrow concept. (*Baycol*, *supra*, 51 Cal.4th at p. 760.) It applies only when (1) the order amounts to a de facto final judgment for absent plaintiffs, and (2) "viable but perhaps de minimis individual plaintiff claims" persist, creating a risk no formal judgment will ever be entered. (*Id.* at p. 759.) Such an order is effectively immune from review because "'without the incentive of a possible group recovery the individual plaintiff may find it economically imprudent to pursue his [or her] lawsuit to a final judgment and then seek appellate review of an adverse class determination.'" (*Id*. at p. 758.)

2

Here, Cubias has a financial incentive to pursue his surviving individual and representative PAGA claims to final judgment. (*Munoz v. Chipotle Mexican Grill, Inc.* (2015) 238 Cal.App.4th 291, 311.) He may recover 25 percent of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation. (Lab. Code, § 2699, subds. (f)(2), (i).) He alleges violations for over 600 employees over a four-year timeframe. He may be eligible to recover costs and attorney fees under PAGA. (*Id.*, subd. (g)(1).)

DISPOSITION

The appeal is dismissed. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

3

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

The Graves Firm, Allen Graves, Jacqueline Treu for Plaintiff and Appellant.

Littler Mendelson, P.C., Fermin H. Llaguno, D. Chad Anderton for Defendants and Respondents.